**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| LIUSHUANG ZOU, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 2:26-cv-02526-TLP-tmp |
| v. | ) | |
| | ) | |
| CHRISTOPHER BULLOCK, New Orleans | ) | |
| Field Office Director of Immigration and | ) | |
| Customs Enforcement, Enforcement and | ) | |
| Removal Operations, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DISMISSING CASE WITHOUT PREJUDICE**

Petitioner Liushuang Zou, a noncitizen detained in the West Tennessee Detention Facility in Mason, Tennessee, petitions for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  (ECF No. 1.)  The Court ordered Respondent to show cause why the Writ should not be granted.  (ECF No. 6.)  Respondent responded (ECF No. 7), and Petitioner replied (ECF No. 9).  For the reasons below, the Court **DENIES** the Petition and **DISMISSES** this case **WITHOUT PREJUDICE**.

## BACKGROUND

Petitioner is a Chinese citizen who entered the United States in 2017 as a B2 Visitor. (ECF No. 7-2 at PageID 21.)  She failed to leave the United States at the end of her authorized stay.  (*Id.* at PageID 22.)  Although the Court is unaware of the exact details, Petitioner has been a victim of human trafficking.  (ECF No. 7-3 at PageID 25.)

In June 2025, the Putnam County Sheriff's Office ("PCSO") arrested her at an "unlicensed massage establishment allegedly offering sexual services" for impersonating a

1

licensed professional and for prostitution.  (ECF No. 7-2 at PageID 21.)  The Putnam County

Criminal Court dismissed her criminal charges nolle prosequi in January of the next year.  (ECF

No. 9-1 at PageID 38.)  The Order of Nolle Prosequi explains that "the State moved to enter a

Nolle Prosqui . . . in the interest of justice due to defendant cooperating with law enforcement,

the amount of time the defendant has served, and the fact that the defendant has a pending ICE

hold."  (*Id.*)  The PCSO brought Petitioner to the U.S. Immigrations and Customs Enforcement

("ICE") office in Nashville, Tennessee, in January 2026.  (*Id.*)  ICE later transferred her to the

West Tennessee Detention Center in Mason, Tennessee.  (ECF No. 7 at PageID 15.)

An immigration judge ("IJ") held a bond hearing for Petitioner in April 2026.  (ECF No.

7-3.)  He denied bond, explaining that "[Petitioner] is subject to Mandatory Detention having

engaged in prostitution."  (*Id.* at PageID 25.)  The Order Denying Bond adds that "[t]he Court

does not reach the conclusions of whether [Petitioner] has met her burden to demonstrate that she

would not be a danger to persons or property if granted a bond or whether any risk of flight could

be properly mitigated with a bond."  (*Id.*)

Petitioner filed her Petition here on May 6, 2026.  (ECF No. 1.)  She alleges that she "has

been denied bond and is subject to indefinite detention without meaningful review."  (ECF No. 1

at PageID 3.)  Petitioner further alleges that her detention under 8 U.S.C. § 1225(b) violates the

Immigration and Nationality Act and her Fifth Amendment right to due process.  (*See id.* at

PageID 3, 6.)  She seeks "immediate release."  (*See* ECF No. 9 at PageID 28.)

## ANALYSIS

Respondent argues that (1) the Court lacks jurisdiction over this case; (2) Petitioner is

lawfully detained under 8 U.S.C. § 1226; and (3) she has failed to exhaust her administrative

remedies.  (*Id.* at PageID 15–17.)  The Court considers only the first and third argument below.

2

*See Shearson v. Holder*, 725 F.3d 588, 595 (6th Cir. 2013) ("We need not consider [the petitioner's due-process claim on the merits] because we hold that Shearson has not exhausted her administrative remedies.").

## I.      Jurisdiction

Section 2241 provides federal courts jurisdiction to review noncitizens' claims challenging the constitutionality of their detention during removal proceedings.  28 U.S.C. § 2241; *see Demore v. Kim*, 538 U.S. 510, 517 (2003) ("Section 1226(e) contains no explicit provision barring habeas review, and we think that its clear text does not bar respondent's constitutional challenge to the legislation authorizing his detention without bail.").  And while § 1226(e) states that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any [noncitizen] or the ... denial of bond or parole," the Supreme Court recognizes that district courts retain jurisdiction to hear habeas petitions over issues that are collateral to removal proceedings.  *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018).

Respondent argues that the Court lacks jurisdiction under § 1226(e).  (ECF No. 7 at PageID 15–16.)  Petitioner replies that § 1226(e) does not apply here because "[s]he challenges the legal premise of her detention: namely, the Immigration Judge's conclusion that she is categorically subject to mandatory detention under § 1226(c) because she supposedly 'engaged in prostitution within the meaning of Immigration and Nationality Act ("INA") § 212(a)(2)(D).  (ECF No. 9 at PageID 30.)  *See* 8 U.S.C. § 1182 (codifying INA § 212).

The Court agrees with Petitioner.  *See Martinez-Elvir v. Olson*, 807 F. Supp. 3d 725, 732 (W.D. Ky. 2025) ("Because Petitioner challenges the statutory and constitutional validity of his continued detention after his bond hearing, and does not directly challenge his removal

proceedings, the court finds that it has jurisdiction to consider Petitioner's claims.").  She is not asking the Court to review an "action or decision by the Attorney General . . . regarding the detention or release of any [noncitizen] or the . . . denial of bond or parole."  Instead, she asks the Court to determine the lawfulness and constitutionality of § 1226(c) as it is applied to her.  So the Court does not lack jurisdiction to address the issues raised in this Petition.  *See also Ly v. Hansen*, 351 F.3d 263, 266 (6th Cir. 2003) ("The Supreme Court has also upheld the jurisdiction of courts to consider habeas claims arising out of immigration detention." (citing *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001)).

## II.    **Administrative Exhaustion**

Administrative exhaustion is required when mandated by Congress.  *See McCarthy v. Madigan*, 503 U.S. 140, 144 (1992).  But when, as here, no statute mandates exhaustion, whether to require exhaustion of administrative remedies lies within "sound judicial discretion."  *Id.*  In exercising that discretion, "federal courts must balance the interest of the individual in retaining prompt access to a federal judicial forum against countervailing institutional interests favoring exhaustion."  *Id.* at 146.  Those institutional interests are "protecting administrative agency authority and promoting judicial efficiency."  *Id.* at 145.

There are times when the interest of the individual weighs heavily against the institution interests at stake.  This includes when an "unreasonable or indefinite timeframe for administrative action" creates undue prejudice.  *Id.* at 146–47.  When administrative remedies are inadequate because the agency is not "empowered" to grant effective relief.  *Id.* at 147.  And when "an administrative remedy may be inadequate where the administrative body is shown to be biased or has otherwise predetermined the issue before it."  *Id.* at 148.

In the many habeas cases filed before this Court where a noncitizen challenges their detention under § 1225, the Court has regularly found that administrative exhaustion is futile under the last option. *See, e.g.*, *Urrutia-Diaz v. Ladwig*, No. 25-3098, 2025 WL 3689158, at *3–4 (W.D. Tenn. Feb. 13, 2026). That is because the BIA's decision in *Matter of Yajure Hurtado*, which is binding on immigration judges, makes exhausting administrative remedies pointless in that context. *See Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 228 (BIA 2025) (holding that aliens "who surreptitiously cross into the United States remain applicants for admission until and unless they are lawfully inspected and admitted by an immigration officer" because "[r]emaining in the United States for a lengthy period of time following entry without inspection, by itself, does not constitute an 'admission'"). For those petitioners to exhaust their administrative remedies, they would need to appeal to the same BIA that mandated their detention in the first place. Or in other words, their appeal would be futile because the BIA had already predetermined the issue.

This case, however, is different. Petitioner argues that the IJ's Order Denying Bond "rested on a legal error concerning the scope of mandatory detention under 8 U.S.C. § 1226(c)." (ECF No. 9 at PageID 29.) To the extent the IJ did commit a legal error, that error rests wholly on his shoulders. He did not rely on BIA precedent. And no BIA policy or caselaw mandated his ruling. Rather, the IJ interpreted the INA and found that "Respondent is subject to Mandatory Detention having engaged in prostitution." (ECF No. 7-3 at PageID 25.)

So this is not like other habeas cases in which the BIA has already predetermined the issue that would go up on appeal. If the BIA here finds that the IJ improperly denied bond, she would be provided with a new bond hearing and could request release under § 1226(a). So unlike previous habeas cases in this Court, requiring administrative exhaustion here aligns with

the "commonsense notion of dispute resolution that an agency ought to have an opportunity to correct its own mistakes . . . before it is haled into federal court." *McCarthy*, 503 U.S. at 145.

The Court knows that Petitioner has been detained by ICE since January of this year. And it sympathizes with Petitioner's background. Yet she asks the Court to bypass the administrative appeal process. The Court finds that this is the exact type of case and circumstance warranting "the general rule that parties exhaust prescribed administrative remedies before seeking relief from federal courts." *McCarthy*, 503 U.S. at 144–45 (citation omitted); *see also Bartolon v. Bondi*, 813 F. Supp. 811, 825 (S.D. Ohio 2025) ("Petitioner's apparent attempt to sidestep the BIA appeals process in favor of habeas review highlights the need for an exhaustion requirement here to protect agency authority, limit interference with agency affairs, and promote judicial efficiency." (citing *Beharry v. Ashcroft*, 329 F.3d 51, 56 (2d Cir. 2003)).

## **CONCLUSION**

For the reasons above, the Court **DENIES** the Petition and **DISMISSES** this case **WITHOUT PREJUDICE**.[1]

**SO ORDERED**, this 16th day of June, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

---

[1] When habeas petitioners fail to exhaust prudentially required administrative remedies, district courts typically "either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)). Because Petitioner has not requested a stay in the event the Court finds that she must exhaust her remedies, the Court chooses to dismiss the Petition without prejudice.